**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**AA'SHAHLA AL-ALI,**

      **Plaintiff,**                                      **Case No. 18-cv-12687**

      **v.**                                                    **District Judge Paul D. Borman**

**KEN GARFF AUTOMOTIVE GROUP,**          **Magistrate Judge Mona K. Majzoub**
**And COLLEEN COLEMAN,**

      **Defendants.**

_____/

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff AA'shahla Al-Ali, proceeding *pro se*, initiated this employment discrimination action against Defendants Ken Garff Automotive Group and Colleen Coleman, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and the Michigan Whistleblowers' Protection Act, MCL §15.362(2). (Docket no. 1.) Before the Court is Defendants' motion to dismiss Plaintiff's complaint and compel arbitration. (Docket no. 11.) This matter has been referred to the undersigned for all pretrial purposes. (Docket no. 7.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.      RECOMMENDATION**

For the reasons that follow, it is recommended that Defendants' motion to dismiss Plaintiff's complaint and compel arbitration (docket no. 11) be converted to a motion for summary judgment and **GRANTED** and that this case be dismissed in its entirety.

II.     **REPORT**

A.      **Background**

Plaintiff filed this employment discrimination action on August 28, 2018.  She alleges that Defendants Ken Garff Automotive Group and Colleen Coleman discriminated against her on the basis of sex and race during her employment at Southfield Chrysler Dodge Jeep Ram from July through September of 2017.  (Docket no. 1.)

Defendants move to dismiss Plaintiff's claims and compel arbitration pursuant to the terms of an arbitration agreement that Plaintiff signed before commencing her employment at Southfield Chrysler.  (Docket no. 11.)  Plaintiff acknowledges that she entered into the arbitration agreement but asks the Court to stay the case instead of dismissing it, to impose provisional remedies ensuring Defendants' good-faith participation in arbitration, and to direct Defendants to bear the costs of the arbitration proceedings.  (Docket no. 15.)

B.      **Standard of Review**

Defendants moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure based on an arbitration agreement that Plaintiff signed upon commencing her employment with Defendants.  (Docket no. 11.)  In addressing motions under Rule 12(b)(6), the court "may . . . consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ley v. Visteon Corp.*, 543 F.3d 801, 805 (6th Cir. 2008).

If matters outside the pleadings are presented to and not excluded by the court on a Rule 12(b)(6) motion, the motion must be treated as one for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).  If this occurs, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id*.  "Whether notice of conversion of a motion to

dismiss to one for summary judgment by the court to the opposing party is necessary depends upon the facts and circumstances of each case." *Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 204 (6th Cir. 1998). However, "[w]here one party is likely to be surprised by the proceedings, notice is required." *Id*. "The Sixth Circuit explained that there is no surprise to the parties when a district court *sua sponte* decides to convert a motion to dismiss to one for summary judgment if (a) both sides submit extrinsic material as exhibits to their pleadings, (b) the parties had the opportunity to respond to arguments and exhibits that were submitted by the other side, and (c) the parties had the opportunity to fully address all arguments for dismissal." *Wilkes v. Nat'l Credit Union Admin. Bd.*, No. 15-CV-11389, 2015 WL 7889049, at *1 n.1 (E.D. Mich. Dec. 4, 2015) (Steeh, J.) (citing *Shelby Cty. Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931-32 (6th Cir. 2000)).

In this case, the arbitration agreement is not integral to Plaintiff's complaint. Accordingly, Defendants' motion should be converted to a motion for summary judgment. Additional notice and briefing is unnecessary because the only extrinsic evidence at issue is the arbitration agreement, which Plaintiff had a full opportunity to review and contest.

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915.  A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

### C.      Analysis

Defendants seek an order dismissing this case and compelling arbitration of Plaintiff's claims.  (Docket no. 11.)  The Federal Arbitration Act (FAA) governs the parties' arbitration agreement.  Congress enacted the FAA, 9 U.S.C. §§ 1–16, "to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts."  *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 289 (2002) (quoting *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 24 (1991)).  Under the FAA,

4

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  "To enforce this dictate, the [FAA] provides for a stay of proceedings when an issue is referable to arbitration and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement."  *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003) (citing 9 U.S.C. §§ 3, 4).  "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing §§ 3, 4) (emphasis in original).  Thus, "absent a showing of fraud, duress, mistake, or some other ground upon which a contract may be voided, a court must enforce a contractual agreement to arbitrate."  *Haskins v. Prudential Ins. Co. of Am.*, 230 F.3d 231, 239 (6th Cir. 2000).

When considering a motion to dismiss and compel arbitration, a court in the Sixth Circuit has four tasks:

> [F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) (citation omitted).  "'[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.'"  *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 626 (1985) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983)).  "A party seeking invalidation of an arbitration agreement bears the burden of providing that

the arbitration provision is invalid or does not encompass the claim at issue." *Moore v. Ferrellgas, Inc.*, 533 F. Supp. 2d 740, 746 (W.D. Mich. 2008) (citing *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000)).

Upon commencing her employment with Defendants, Plaintiff signed an agreement to "utilize binding arbitration as the sole and exclusive means to resolve all disputes that may arise out of or be related in any way to [Plaintiff's] employment," including *inter alia* "claims for discrimination (including, but not limited to, race, color, religion , national origin, age, sex, height. weight, marital status, or handicap condition/disability)" and "claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance," subject to certain inapplicable exceptions. (Docket no. 11-2, p. 2.)  In addition, Plaintiff "agree[d] that any claim, dispute, and/or controversy that [Plaintiff] may have against Company (or its owners, directors, officers, managers, employees, or agents) . . . shall [*sic*] be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act ('FAA')."  (*Id.*)

Applying the *Stout* test, Plaintiff agreed to arbitrate claims arising from her employment with Defendants, and the arbitration agreement encompasses the Title VII and whistleblower-statute claims raised in Plaintiff's complaint.

In addition, there is no indication that Congress intended Plaintiff's claims to be non-arbitrable. *See Circuit City Stores v. Adams,* 532 U.S. 105, 123 (2001) (observing "that arbitration agreements can be enforced under the FAA without contravening the policies of congressional enactments giving employees specific protection against discrimination prohibited by federal law").

Likewise, nothing suggests that the arbitration agreement should be invalidated by any "generally applicable state-law contract defenses like fraud, forgery, duress, mistake, lack of

consideration or mutual obligation, or unconscionability." *See Cooper v. MRM Inv. Co.*, 367 F.3d 493, 498 (6th Cir. 2004) (citations omitted).  In this regard, the undersigned interprets Defendants' motion to compel arbitration as an indication that Defendants do not consider Plaintiff's claims to be barred by the agreement's six-month limitations period.  (*See* docket no. 11-2, p. 3.)  A reasonable interpretation of that provision would toll the limitations period during the adjudication of Plaintiff's claims before the EEOC (which is mandated by the agreement).  Any other interpretation would give rise to a credible argument that the arbitration agreement is unconscionable.

Plaintiff requests that the Court direct Defendants to bear the costs of the arbitration proceeding but advances no persuasive authority for this proposal.  Nevertheless, as Defendants note, the arbitration will be conducted according to the American Arbitration Association's Employment Arbitration Rules, which require Defendants to bear $1,900 of the $2,200 filing fee, the entire case management fee, and the arbitrator's fees and expenses.  *See* AAA Employment/Workplace Fee Schedule, available at: https://www.adr.org/employment.

Plaintiff also requests that the Court impose provisional remedies under Section 8 of the Michigan Arbitration Act, which authorizes a court "for good cause shown . . . [to] enter an order for provisional remedies to protect the effectiveness of the arbitration proceeding."  Mich. Comp. L. § 691.1688.  Plaintiff "does not have faith based on the previous actions of the Defendants that they will cooperate with the arbitration process and try to resolve the matter."  (Docket no. 13, p. 12.)  The Court should find that this concern fails to establish good cause to impose any provisional remedies.

Finally, Plaintiff requests that the Court stay this matter instead of dismissing her complaint.  (*Id.* at 2.)  Section 3 of the FAA directs the court to stay the action until arbitration is

7

complete.  9 U.S.C. § 3.  However, applicable case law provides that litigation in which all claims are referred to arbitration may be dismissed.  *See Hensel v. Cargill, Inc.*, 198 F.3d 245 (6th Cir. 1999) (citing *Alford v. Dean Witter Reynolds Inc.*, 975 F.2d 1161, 1164 (5th Cir.1992) (holding that dismissal is proper where all claims must be submitted to arbitration); *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir.1988) (holding that 9 U.S.C. § 3 does not preclude dismissal)).  Because all of Plaintiff's claims are all subject to arbitration, the court should dismiss Plaintiff's complaint.

### D.    Conclusion

For the above-stated reasons, it is recommended that Defendants' motion to dismiss Plaintiff's complaint and compel arbitration (docket no. 11) be converted to a motion for summary judgment and **GRANTED** and that this case be dismissed in its entirety.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection

must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not

later than fourteen days after service of an objection, the opposing party must file a concise

response proportionate to the objections in length and complexity.  The response must specifically

address each issue raised in the objections, in the same order and labeled as "Response to Objection

#1," "Response to Objection #2," etc.


Dated: January 22, 2019          s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff
and counsel of record on this date.

Dated: January 22, 2019          s/ Marlena Williams
                                 In the absence of Leanne Hosking
                                 Case Manager